JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
First, the evidence was sufficient to support Simms’s conviction. The Government *196 introduced evidence fully supporting each element of the offense. Although the Government’s primary witness was impeached, determining the credibility of witnesses is a matter for the jury. E.g., United States v. Foster, 557 F.3d 650, 655 (D.C.Cir.2009).
Second, the district court’s use of compound questions was not, in this case, an abuse of discretion. Simms acknowledges he cannot show substantial prejudice as a result of the compound questions but attributes that to the nature of such questions and therefore asks the court to hold they are per se an abuse of discretion.
This court has repeatedly noted that compound questions are inappropriate and has warned the district judge against using them. See United States v. Moulding, 557 F.3d 658 (D.C.Cir.2009); United States v. Harris, 515 F.3d 1307 (D.C.Cir.2008); United States v. Littlejohn, 489 F.3d 1335 (D.C.Cir.2007); United States v. West, 458 F.3d 1 (D.C.Cir.2006). Although the practice generates needless appeals, the court is not prepared — yet—to say upon the basis of these five cases that asking compound questions is per se an abuse of discretion.
The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.